IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-163-BO

KIMBERLY SHREVE,

    Plaintiff,

v.

OFFICER BM STEPHENSON, 28 U.S.C. § 2679 (d)(2), WAKE COUNTY PUBLIC SAFETY DEPARTMENT, et al.,

    Defendants.

**ORDER ON DEFENDANT'S MOTION FOR ENTRY OF PREFILING INJUNCTION AGAINST PLAINTIFF KIMBERLY SHREVE**

**THIS MATTER** was heard before the undersigned U.S. District Court Judge on Motion for the Entry of a Prefiling Injunction ("Motion") filed by Defendant, denominated by Plaintiff as the "Wake County Public Safety Department" ("Defendant").

**AND THE COURT**, after reviewing the Motion, supporting Memorandum of Law, Plaintiff's Complaint, and Plaintiff's extensive litigation history against government officials, prosecutors, and law enforcement officers which have all resulted in dismissals for, *inter alia*, Plaintiff's frivolous allegations, res judicata, statute of limitations, and failure to comply with the Federal Rules of Civil Procedure.

**AND THE COURT FINDING**, that Plaintiff has filed the following actions against government officials, prosecutors, and law enforcement officers:

1. April 5, 2011 – *Shreve v. Fetter, et al.*, No. 5:11-CV-157-H (E.D.N.C. May 5, 2011) ("Fetter I"). In *Fetter I*, Plaintiff claims that the prosecutor who was representing her pinned her against the wall and attempted to slap her, that she was molested by a dog, and that she was assaulted by a courtroom Deputy. *Fetter I* was dismissed on frivolity review.

2. May 19, 2011 - *Shreve v. Fetter*, 441 F. App'x 150 (4th Cir. 2011). In this appeal, Plaintiff appeals the decision of *Fetter I*. The lower court decision was affirmed.

3. October 29, 2011 – *Shreve v. Fetter*, et al., No. 11-8007 (U.S. 2011). In this Petition for Writ, SCOTUS denied review of *Fetter I*.

4. June 18, 2013 – *Shreve v. Fetter, et al.*, No. 5:13-CV-354-H (E.D.N.C. Oct. 7, 2013) ("Fetter II"). In *Fetter II*, Plaintiff again claims that the prosecutor who was representing her pinned her against the wall and attempted to slap her, that she was molested by a dog, and that she was assaulted by a courtroom Deputy similar to *Fetter I*. *Fetter II* was disposed of upon the adoption of the Magistrate Judge's Memorandum and Recommendation that the complaint be dismissed as frivolous and for failure to state a claim. Notwithstanding, Plaintiff filed numerous letters to the Court rambling of nonsensical events.

5. January 21, 2014 - *Shreve v. Fetter*, 551 Fed. Appx. 69 (4th Cir. 2014). In this appeal, Plaintiff appeals the decision of *Fetter II*. The lower court decision was affirmed.

6. October 10, 2014 – *Shreve v. Willoughby, et al.*, No. 14-4007-TMC (D.S.C. Dec. 14, 2014) ("Fetter III"). In *Fetter III*, Plaintiff again claims that the prosecutor who was representing her pinned her against the wall and attempted to slap her, that she was molested by a dog, and that she was assaulted by a courtroom Deputy similar to *Fetter I* and *Fetter II*. Plaintiff also submitted documents demonstrating that she: (1) harassed a prosecutor by filing several frivolous Bar Complaints against the prosecutors[1]; (2) harassed specific law enforcement officers by making unwarranted communications[2]; and (3) made numerous unwarranted visits to the Bar Association[3]. *Fetter III* was disposed of upon the adoption of the Magistrate Judge's Memorandum and Recommendation that the complaint be dismissed for, inter alia, lack of personal jurisdiction, statute of limitations, res judicata, and failure to state a claim.

7. December 10, 2015 – *Shreve v. McLennon, et al.*, No. 5:15-CV-563-BO (E.D.N.C. Dec. 10, 2015) ("Fetter IV"). In *Fetter IV*, Plaintiff again claims that the prosecutor who was representing her pinned her against the wall and attempted to slap her and that she was assaulted by a courtroom Deputy similar to *Fetter I-III*. Plaintiff escalates her allegations by alleging that in open Court judicial officials

---

[1] *See* [D.E. 1, p. 7].
[2] *See* [D.E. 1-1, p. 4].
[3] *See* [D.E. 1-1, p. 7].

2

expressed bias towards her and harassed her by calling her at her residence. *Fetter IV* was dismissed on frivolity review.

8.  March 20, 2019 – *Shreve v. Officer Limpert, et al.*, No. 5:19-CV-00855-TMC (D.S.C. Apr. 12, 2019) ("Limpert I"). In *Limpert I*, Plaintiff files in the District Court of South Carolina for claims against Raleigh law enforcement officers and events that occurred in Raleigh. *Limpert I* was transferred to the Eastern District of North Carolina.

9.  May 1, 2019 – *Shreve v. Officer Limpert, et al.*, No. 5:19-CT-3103-FL (E.D.N.C. May 2, 2019) ("Limpert II"). In *Limpert II*, Plaintiff's case is redesignated as a Western Division civil case.

10. May 1, 2019 – *Shreve v. RPD, et al.*, No. 5:09-CV-353-F (E.D.N.C. Sep. 14, 2009) ("RPD"). In *RPD*, Plaintiff filed a complaint appearing to contest miscellaneous "false warrants", treatment she received from unidentified physicians, and raising a claim under the Americans with Disabilities Act ("ADA"). *RPD* was disposed of upon the adoption of the Magistrate Judge's Memorandum and Recommendation that the complaint be dismissed as frivolous and for failure to state a claim. Notwithstanding dismissal, Plaintiff submitted several filings to the Court rambling of nonsensical events.

11. May 2, 2019 – *Shreve v. Officer Limpert, et al.*, No. 5:19-CV-178-FL (E.D.N.C. May 2, 2019) ("Limpert III"). In *Limpert III*, Plaintiff files as a complaint a letter defining police misconduct and assault, listing her interactions with law enforcement, and asking questions of the court regarding her interactions. Plaintiff also appears to contest her involuntary commitment, arrests made by law enforcement officers, and makes nonsensical comments regarding law enforcement officers similar to *RPD*. Plaintiff caused over thirty (30) summonses to be issued to law enforcement officers, caused numerous duplicate filings, and disregarded the Court's orders. The Court dismissed this matter on January 22, 2020. Notwithstanding, Plaintiff filed several motions for default judgment, several motions to reopen the case, and several additional complaints requiring the Court to order that Plaintiff cease her filings.

12. February 26, 2021 – *Shreve v. Officer Wolfe (2612)*, No. 5:21-CV-98-BO (E.D.N.C. Aug. 26, 2021). In *Wolfe*, Plaintiff again contests her involuntary commitment similar to *RPD* and *Limpert III*. Plaintiff caused over thirty (30) summonses to be issued to law enforcement officers. Plaintiff also filed

3

over sixty (60) motions for entry of default and default judgment. *Wolfe* was disposed of on a motion to dismiss for, *inter alia*, failure to state a claim, raising inapplicable statutory provisions, invalid service, and res judicata. Plaintiff also filed nonsensical letters alleging law enforcement officials attacked her.

13. April 26, 2022 – This present action in which Plaintiff contests many of her arrests similar to *RPD, Limpert I-III,* and *Wolfe*. Plaintiff again caused nearly thirty (30) summonses to be issued to law enforcement officers.

**AND THE COURT FURTHER FINDING**, the following:

1. Plaintiff is abusing the judicial process by continuously and repeatedly filing frivolous, repetitive, and baseless actions, and motions in the Court;

2. None of Plaintiff's actions filed so far demonstrate an objective good faith belief as to its merits;

3. Plaintiff has caused needless expense and unnecessary burdens on the Court, defendants, government officials, prosecutors, and law enforcement officers;

4. Plaintiff will continue to file frivolous, repetitive, and baseless actions, and motions in the Court;

5. A prefiling injunction is warranted in the interest of justice and judicial efficiency;

6. Defendant requests that the Court issue a prefiling injunction banning Plaintiff from making any further filings or instituting any further actions against government officials, law enforcements officers, their respective agencies and attorneys without: (1) first obtaining express permission from, and a frivolity review conducted by, a United States District Court judge; or (2) appending an affidavit signed by a duly licensed attorney admitted to practice law stating that such attorney has reviewed the document in its entirety and, upon review, believes the proposed filing complies with Rule 11 of the Federal Rules of Civil Procedure;

7. The prefiling injunction requested by Defendant is narrowly tailored to the particular circumstances of this case;

4

8. Plaintiff is not prejudiced by such injunction because a truly meritorious claim would be allowed; and

9. Plaintiff has been afforded notice and an opportunity to be heard on the prefiling injunction.

**IT IS THEREFORE ORDERED** that Plaintiff is enjoined by on any and all complaints, motions, petitions, or other filing of any kind whatsoever in the Federal District Courts, whereby no document of any kind may be filed by Plaintiff without either:

1. Appending an affidavit signed by a duly licensed attorney admitted to practice law in the State of North Carolina, which affidavit must state that the attorney has reviewed the document it its entirety and, upon review, believes that the proposed filing:

    a) Can survive a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure;

    b) Does not in any manner violate Rule 11 of the Federal Rules of Civil Procedure;

    c) Is not barred by issue or claim preclusion principles;

    d) Is not repetitive of any prior lawsuit of Plaintiff's; and

    e) Is not violative of any Court order;

2. Obtaining prior approval and leave of the U.S. District Court Judge to file the document upon question, upon review of the merits of such document in the district in which Plaintiff desires to file the documents.

**IT IS FURTHER ORDERED** that a copy of this Order will be disseminated to any and all federal district courts in which Plaintiff files any further frivolous or baseless lawsuits, complaints, motions, petitions, or other legal filings of any kind whatsoever. This Order will act as a bar to all such lawsuits or other filings. This Order will also act as ground for any further sanctions that any subsequent Court may wish to impose upon the Plaintiff for all such filings don in violation of this Order.

This the 12 day of December 2022.

_____
TERRENCE W. BOYLE

Honorable District Court Judge

6