IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-163-BO

| | |
|---|---|
| KIMBERLY SHREVE,<br>Plaintiff,<br><br>v.<br><br>OFFICER B.M. STEPHENSON,<br>28 U.S.C. § 2679(d)(2), WAKE COUNTY<br>PUBLIC SAFETY DEPARTMENT,<br>OFFICER B. JONES, OFFICER HOWELL,<br>OFFICER WOLFE, OFFICER LOCKHART,<br>OFFICER DAVIDSON, OFFICER MEYES,<br>OFFICER B. SCIOLI, OFFICER LAYMAN,<br>OFFICER MARTIN "EAGLES", OFFICER L.M.<br>BUTCHER, OFFICER B.H. WINSTON, OFFICER<br>FRISBEE, OFFICER G.S. MARLO, OFFICER<br>POWELL, OFFICER MCLEOD, OFFICER<br>ASATO, OFFICER PETERSEN, OFFICER<br>DUFAULT, OFFICER DAVIS, OFFICER J.R.<br>MARX, OFFICER SINGLETARY, OFFICER<br>S. INGERSOLL, OFFICER T. CARROLL,<br>OFFICER WINKLE, OFFICER R.A. SMITH,<br>OFFICER B.A. DICELLO,<br>Defendants. | ORDER |

This cause comes before the Court on motions to dismiss, for sanctions, and for continuance. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, the motions to dismiss are granted, the motion for sanctions is denied as moot, and the motion for continuance is denied as moot.

BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint in this Court on April 26, 2022. [DE 1]. In her complaint, plaintiff recites the dates and locations of her prior arrests,

citations, and involuntary commitments by the various Raleigh Police Officer defendants, beginning 10 January 1999. Plaintiff further recounts conditions at the Wake County Jail, her treatment in the Wake County Jail, and opines as to the reasons for the conditions and her treatment at the Wake County Jail. Plaintiff's complaint asserts claims for excessive force, false arrest, wrongful detainment, planting evidence, false statements, assault on a civilian, and negligence. Plaintiff seeks actual damages pursuant to 5 U.S.C. § 552a(e)(3), the Privacy Act; statutory damages pursuant to 17 U.S.C. § 504(c), the Copyright Act; as well as an award of $50,000-$70,000 per officer and for stress, costs of bond, damage to plaintiff's criminal record, and the costs of expungement.

Plaintiff is a familiar litigant in this district. *See* No. 5:09-CV-353-F; No. 5:11-CV-157-H; No. 5:13-CV-354-H; No. 5:15-CV-563-BO; No. 5:19-CV-178-FL; and No. 5:21-CV-98-BO. Her allegations have generally concerned her interactions with Raleigh law enforcement officers and tend to include claims of excessive force and false warrants, and further detail plaintiff's repeated complaints to the North Carolina State Bar about the conduct of prosecutors as well as her harassment of certain law enforcement officers. Each of plaintiff's complaints filed in this district has been dismissed either as frivolous, for failure to state a claim, or for lack of personal jurisdiction. By order entered December 13, 2022, and amended December 20, 2022, the undersigned granted the request of defendant Wake County Public Safety Department and entered a prefiling injunction against plaintiff. [DE 69].

Turning to the instant complaint, the Court finds that it too has fallen short of the requirement that it must state a plausible claim for relief and is otherwise frivolous. Plaintiff has further failed to effect proper service and has named as a defendant an entity which is incapable of being sued. Accordingly, the Court dismisses plaintiff's complaint.

DISCUSSION

I. Motions to dismiss

   a. Legal standards

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "Absent waiver or consent, a failure to obtain proper service on the defendant

3

deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

   b. Analysis

Defendant Wake County Public Safety Department argues first that it is not an entity capable of being sued. "State law dictates whether a governmental agency has the capacity to be sued in federal court." *Efird v. Riley*, 342 F. Supp. 2d 413, 419–20 (M.D.N.C. 2004). The Court has been presented with no North Carolina statute which authorizes suit against an entity denominated as a county public safety department or the "Wake County Public Safety Department." *See also Lowery v. Forsyth Cnty. Sheriff's Dep't*, No. 1:20-CV-888, 2022 WL 939651, at *7 (M.D.N.C. Mar. 29, 2022) (dismissing county sheriff's department as an entity not subject to suit).

Even to the extent plaintiff could state a claim against this defendant, she has not. Plaintiff's allegations regarding the Wake County Jail and Wake County Public Safety Officers center around her being subjected to restraints, beatings, and the refusal to provide her with medication. Plaintiff also alleges that there were no telephones for inmates to use and that on one occasion she was not permitted to shower for five days. As an entity, the Wake County Public Safety Department must be sued in its official capacity. Plaintiff's claims, though not alleged with any specificity, would appear to based on violations of the United States Constitution, including deliberate indifference to medical need and excessive force in violation of the Fourteenth Amendment. To support such a claim against an entity defendant, plaintiff must sufficiently allege that an official policy or custom caused her injuries. *See, e.g., Bost v. Wexford Health Sources, Inc.*, No. CV ELH-15-3278, 2022 WL 4290528, at *27 (D. Md. Sept. 16, 2022) (*citing Monell v. Dep't of Soc. Servs. of City of New*

4

*York*, 436 U.S. 658 (1978)). Plaintiff makes no allegations regarding official policies or customs. This defendant is therefore properly dismissed.

The second motion to dismiss was filed by the appearing Raleigh Police Officer defendants, Asato, Carroll, Davidson, Davis, Dicello, Dufault, Frisbee, Howell, Layman, Lockhart, Marx, McLeod, Meyers, Peterson, Powell, Scioli, Smith, Singletary, Winkle, Winston, and Wolfe (hereinafter collectively referred to as the RPO defendants). The RPO defendants have moved to dismiss plaintiff's complaint on several grounds, including the failure to effect proper service, the doctrine of *res judicata*, and for failure to state a claim.

First, the RPO defendants have established that they were not properly served with plaintiff's complaint. Federal Rule of Civil Procedure Rule 4(c) requires someone, who is not a party, to serve a defendant with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1)-(2). To serve an individual within the United States, a plaintiff may follow state law in the state where service is made or deliver the summons and complaint to the individual personally, leave a copy of the summons and complaint at the individual's dwelling with someone of a suitable age and discretion who lives there, or deliver the summons and complaint to an agent authorized by law to receive service of process for the individual. Fed. R. Civ. P. 4(e).

In opposition to the motion to dismiss, plaintiff has purported to file proof of service for each defendant. [DE 67-2]. Each document indicates that service has been achieved by plaintiff having underlined the following language on the proof of service portion of the summons: "mailed a copy to the individual's last known address". *Id.* Plaintiff has signed each proof of service form as the "server." *Id.*

Under North Carolina law, serving process by mail can be accomplished "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested,

5

addressed to the party to be served, and delivering it to the addressee[,]" or by "mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering it to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). Service must be made by someone who "is not less than 21 years of age, who is not a party to the action, and who is not related by blood or marriage to a party to the action . . . .". N.C. Gen. Stat. §1A-1, Rule 4(h)(1).

Plaintiff is not a "non-party under the North Carolina Rules of Civil Procedure" or the Federal Rules of Civil Procedure "to effect service of process." *Saimplice v. Ocwen Loan Servicing Inc.*, 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019) (citing N.C. Rule of Civil Procedure 4(h)). Accordingly, she cannot effect proper service on any defendant.

Moreover, and at bottom, plaintiff has failed to state a plausible claim for relief against any of the RPO defendants and the claims she has raised are frivolous. In her complaint, plaintiff provides a list of her prior arrests by the individual RPOs and a list of her asserted claims. Plaintiff's complaint is devoid of any specific facts which would support a plausible claim that any of the RPOs engaged in conduct which would satisfy the elements of her claims.[1]

Additionally, plaintiff's allegations include facts which are fanciful and unbelievable, and therefore frivolous. *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009). Plaintiff alleges, for example, that the Attorney General of the State of North Carolina has contacted her personally to offer assistance, that every time she drove a car she was stopped by three or four police officers, and that while at Wake County Jail police officers and deputies whispered to each other. This is not a case where the Court believes that "actual proof of [the alleged] facts is improbable, and that

---

[1] The Court also notes that plaintiff's claims against most of the RPO defendants are barred by the doctrine of *res judicata* as outlined in defendants' brief. [DE 58 pp. 10-13]; No. 5:19-CV-178-FL (E.D.N.C. Nov. 15, 2019); No. 5:21-CV-98-BO (E.D.N.C. Aug. 26, 2021).

6

a recovery is very remote and unlikely[,]" *Twombly*, 550 U.S. at 556 (internal quotation marks omitted), or where potentially cognizable claims are being dismissed for "failure to state them with technical precision." *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir. 1965). Rather, it is readily apparent that there are no cognizable claims against the RPO defendants.

Accordingly, although Officers B.M. Stephenson, B. Jones, Martin Eagles, G.S. Marlo, and S.M. Ingersoll have not appeared, the Court will dismiss the claims against all of the named RPO defendants. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (frivolous complaints are subject to dismissal even where filing fee has been paid and service has not been effected).

II. Motion for sanctions

As the Court has already entered a prefiling injunction, the Court denies the pending motion for non-monetary sanctions as moot.

III. Motion for continuance

In her motion for continuance, plaintiff asks for an extension of time to effect service on the unserved defendants. Plaintiff's motion is denied as moot as the complaint is this action is properly dismissed for failure to state a claim, lack of personal jurisdiction, and as frivolous.

## CONCLUSION

Accordingly, for the foregoing reasons, Wake County Public Safety Department's motion to dismiss [DE 15] is GRANTED, the RPO defendants' motion to dismiss [DE 57] is GRANTED, the RPO defendants' motion for sanctions [DE 59] is DENIED AS MOOT, and plaintiff's motion for continuance [DE 29] is DENIED AS MOOT. Plaintiffs' claims against all defendants are hereby DISMISSED and the clerk is DIRECTED to close this case.

7

SO ORDERED, this __1__ day of March 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE